UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CELESTE B.,

           Plaintiff,                    Case No. 2:25-cv-11547
                                      Honorable Anthony P. Patti

v.

COMMISSIONER OF SOCIAL
SECURITY,

           Defendant.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 11), GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 15), and REMANDING THIS MATTER TO THE COMMISSIONER OF SOCIAL SECURITY FOR ACTION CONSISTENT WITH THIS DECISION**

I.    **Background**

Celeste B. ("C.B.") applied for disability insurance (DI) benefits in April 2022, alleging disability beginning December 25, 2020 (*i.e.*, the alleged onset date (AOD)), at which point she was 49 years old, *i.e.*, a "younger person," 20 C.F.R. § 404.1563(c).  (ECF No. 6-1, PageID.197-203.)  Plaintiff's claims were denied initially in August 2022 and upon reconsideration in April 2023.  (*Id*., PageID.79-112.)

C.B. sought a hearing with an administrative law judge (ALJ) (*id*., PageID.114-116), and, on May 2, 2024, ALJ Anthony Smereka conducted a

hearing, at which the claimant, her counsel, and a vocational expert (VE) appeared (*id.*, PageID.55-78).  On June 18, 2024, ALJ Smereka issued an unfavorable decision.  (*Id.*, PageID.38-54.)

C.B. requested review (*id.*, PageID.191-193); however, on April 2, 2025, the Appeals Council (AC) denied the request for review (*id.*, PageID.21-27).[1]

## II.    Instant Case & Pending Motion

On May 27, 2025, Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner of Social Security ("Commissioner").  The parties have consented to my jurisdiction to handle this case through entry of a final judgment.  (ECF No. 8.)

Currently before the Court is Plaintiff's motion for summary judgment (ECF No. 11), which challenges the ALJ's evaluation of her residual functional capacity (RFC) and her disabling symptoms.  (*Id.*, PageID.870-877.)  The Commissioner filed a cross-motion for summary judgment (ECF No. 15), and Plaintiff has filed a reply (ECF No. 16).

---

[1] ALJ Smereka had multiple medical records before him at the time of his June 18, 2024 decision.  (*See* ECF No. 6, PageID.54; *id.*, PageID.345-850 [Exhibits 1F-13F].)  The administrative record also contains a medical record for a June 8, 2024 left hip MRI without gadolinium (*see id.*, PageID.35-37), although it seems this record may just have been available to the Appeals Council.

On June 18, 2026, the Court conducted a remote hearing, at which Attorney Cheryl O'Brien and Assistant United States Attorney Susana Ochoa appeared. After a brief recess, the Court took the matter under advisement.

## III.   Standard

Plaintiff has the burden of proof on her statements of error, as she challenges the ALJ's evaluation of her RFC and her disabling symptoms, each of which occurred between steps 3 and 4 of the sequential process. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) ("[D]uring the first four steps, the claimant has the burden of proof; this burden shifts to the Commissioner only at Step Five."). "[A] decision supported by substantial evidence must stand, even if [the court] might decide the question differently based on the same evidence." *Biestek v. Comm'r of Soc. Sec.*, 880 F.3d 778, 783 (6th Cir. 2017). The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

3

## IV.   Discussion

### A.     RFC (20 C.F.R. § 404.1545 & SSR 96-8p)

Plaintiff argues that the ALJ "failed to properly evaluate [her] [RFC][,]" particularly as it relates to her back, legs, and feet, as well as the standing, walking, and lifting requirements of work at the medium exertional level.  (ECF No. 11, PageID.870-873; ECF No. 16, PageID.910-912.)  The Commissioner argues that the ALJ's RFC assessment is supported by substantial evidence.  (ECF No. 15, PageID.893-900.)

The ALJ concluded that Plaintiff has the RFC "to perform the full range medium work as defined in 20 CFR 404.1567(c)[,]" could perform her "past relevant work as a home health aide[,]"and alternatively found at Step 5 that "there are a number of jobs within the light exertional level" that Plaintiff could perform. (ECF No. 6-1, PageID.44, 48-49.)  During the hearing, Plaintiff's counsel admitted the RFC is consistent with the April 8, 2023 RFC assessment by state agency medical consultant Saadat Abbasi, M.D. (*see* ECF No. 6-1, PageID.97-98); however, Plaintiff's counsel directed the Court's attention to two types of records, each of which post-dates the state agency opinion.

First, Plaintiff pointed to the January 8, 2024 podiatry records by Jennifer A. Gerteisen, DPM (ECF No. 6-1, PageID.845-850), which indicate, *inter alia*, that "[t]here is marked subtalar joint pronation with collapse of the longitudinal arch of

the bilateral feet[,]" and "[t]here is marked pain on weight-bearing and during ambulation on the bilateral feet[,]" (*id*., PageID.848 [Ex. 13F/5]).  As to this record, the ALJ expressly stated:  "[The Claimant] complained of bilateral foot pain and ankle swelling.  Midfoot pronation was noted in both feet.  Diagnoses were hallux valgus in left and right foot, pain in left and right foot, plantar fascial fibromatosis, and neuralgia and neuritis, unspecified.  The claimant elected to pursue inserts.  She received a left foot injection for neuroma."  (*Id*., PageID.47.)

Second, Plaintiff pointed to the February 14, 2024 to March 6, 2024 physical therapy records from U of M Physical Medicine and Rehab.  (*Id*., PageID.648-669.)  As to these records, the ALJ expressly stated:  "The claimant started physical therapy for chronic bilateral low back pain without sciatica in February 2024 ([*id*., PageID.649]).  It was noted at the second visit [*i.e.*, February 21, 2024] that she still showed guarded movements though not as bad as the initial visit ([*id*., PageID.674]).  At the third visit [*i.e.*, March 6, 2024], the claimant said she experienced a lot of pain when sitting ([*id*., PageID.707]).  She rated her pain at eight, and said it was at ten every night and felt like her torso was out of place."  (ECF No. 6-1, PageID.47.)

Having considered the administrative record, the motion papers, and counsels' arguments, Plaintiff has shown error in the ALJ's RFC determination as the standing, walking, and/or lifting requirements of work at the medium exertional

level, or alternatively at the light exertional level.  The ALJ twice stated that "[g]ait was consistently deemed normal," (*see id.*, PageID.48), but this appears to be derived from the state agency medical consultant's reliance on the March 23, 2023 consultative examination (*see id.*, PageID.96, 98 (*citing id.*, PageID.528-536)).  Notably and materially, the ALJ found the state agency medical consultant's April 8, 2023 physical RFC assessment "persuasive," and undoubtedly relied upon it in forming the "medium work" RFC.  (*Id.*, PageID.44, 48; *see also id.*, PageID.97-98.)

By comparison, the podiatrist's January 8, 2024 notes are remarkable as to gait (*id.*, PageID.848), and the physical therapy notes indicate that, on February 14, 2024, February 21, 2024, and March 6, 2024, her functional gate was "slow." (ECF No. 6-1, PageID.652, 670, 707.)  Thus, even though the ALJ's RFC is consistent with the April 8, 2023 RFC assessment, several records post-dating that opinion state otherwise.  Moreover, other than referencing her May 2, 2024 testimony that she can lift five to ten pounds (*see id.*, PageID.65) and her August 2022 function report that she can lift about 20 pounds (*see id.*, PageID.284), and stating that "there is no evidence of any significant postural or lifting limitations[,]" (*see id.*, PageID.45, 48), the ALJ's written decision says nothing about her "weight bearing" capability.  And, during the video hearing, counsel for the government conceded Plaintiff's weight bearing capability was "perhaps

6

significant" to a determination of the exertional level of jobs Plaintiff could perform.  While the Court recognizes that there will "always be a gap between the time the agency experts review the record and give their opinion . . . and the time the hearing decision is issued[,]" *Kelly v. Comm'r of Soc. Sec.*, 314 F. App'x 827, 831 (6th Cir. 2009) (quotation marks and citation omitted), in this particular case the state agency consultant's April 8, 2023 opinion became stale (and, thus, *potentially* inaccurate) by the time it was relied upon in the June 18, 2024 decision, since, by the time of the May 2, 2024 administrative hearing, Plaintiff's medical records did *not* show that her gait was "consistently deemed normal[.]" (ECF No. 6-1, PageID.48, 98.)  The accuracy of the state agency consultant's April 8, 2023 opinion is especially important in light of the ALJ's rejection of the consultative examiner's March 23, 2023 opinion (*see* ECF No. PageID.528-536) as unpersuasive.  (*Id.*, PageID.46-47.)

Accordingly, the Court concludes that Plaintiff has shown material error in the ALJ's RFC assessment.  On remand, the Commissioner shall resubmit Plaintiff's records to a state agency medical consultant for an updated physical RFC assessment, more fully and accurately address the podiatry and physical therapy records post-dating the April 8, 2023 state agency opinion, and, in light of these measures, reassess the exertional level at which Plaintiff may be expected to

7

perform "physical and mental work activities on a sustained basis despite limitations from her impairments." (*See* ECF No. 6-1, PageID.43.)

### B.      Symptoms (20 C.F.R. § 404.1529 & SSR 16-3p)

Plaintiff argues that the ALJ "improperly evaluated [her] disabling symptoms." (ECF No. 11, PageID.873-877; ECF No. 16, PageID.912-915.)  The Commissioner argues that the ALJ's evaluation of Plaintiff's subjective symptoms is supported by substantial evidence. (ECF No. 15, PageID.900-907.)

The ALJ in Plaintiff's case concluded that her "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (*Id*., PageID.45.)  The ALJ made this statement after having reviewed Plaintiff's hearing testimony (*see* ECF No. 6-1, PageID.55-78), August 2022 function report (*id*., PageID.278-286), and December 2022 function report (*id*., PageID.295-302).

Having considered the administrative record, the motion papers, and counsels' arguments, Plaintiff has not shown error in the ALJ's assessment of her subjective symptoms.  First, Plaintiff's argument that "the ALJ appears to interpret clinical findings without any medical expertise to find the medical evidence inconsistent with Ms. Bulger's subjective complaints," (ECF No. 11, PageID.875-

876), is undeveloped, and, any revival of this argument within the relevant portion of her reply (*see* ECF No. 16, PageID.912-915) is improper.

Second, to the extent Plaintiff challenges the ALJ's compliance with 20 C.F.R. § 404.1529(c)(3)(iv) ("The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms"), Plaintiff's argument that "the ALJ's decision does not show proper consideration of the medication side effects Ms. Bulger experienced and the efficacy of her medications" (*see* ECF No. 11, PageID.876-877) is unavailing.  The ALJ acknowledged in his RFC assessment that Plaintiff reported poor Gabapentin tolerance in June 2023 and reported side effects from Gabapentin in August 2023 (ECF No. 6-1, PageID.47 (*citing id.*, PageID.745, 600)), which the Court notes was prescribed on an "as needed" basis (*see, e.g., id*, PageID.394, 427, 563, 646-647, 649, 669, ).[2]  Moreover, it is obvious that the ALJ took this into consideration; when Plaintiff testified that she takes Gabapentin, the ALJ specifically asked her how many times per day she takes it, to which she responded "[t]hree[,]" although she acknowledged that she could have taken Motrin (*see id*., PageID.63-64).

---

[2] To be sure, the August 2023 office visit notes reflect that Plaintiff was "sleepy on gabapentin 100mg," and experienced an "intoxicated feeli[ng] [with] zonisamide," (ECF No. 6, PageID.600), while the ALJ's decision states, "the claimant said the gabapentin prescribed for pain made her feel intoxicated[,]" (*id*., PageID.47).

Accordingly, the Court affirms the ALJ's subjective symptoms assessment, finding no error in that regard.

## V.    Order

Upon consideration of the administrative record, motion papers, and counsels' arguments and representations at the hearing, Plaintiff has shown legal error that may upend the ALJ's decision.  Accordingly, each motion for summary judgment (ECF Nos. 11, 15) is **GRANTED IN PART and DENIED IN PART**, and the decision of the Commissioner of Social Security is **REMANDED** for action consistent with this opinion.  Upon remand, the ALJ is **DIRECTED** to resubmit Plaintiff's records to a state agency medical consultant for an updated physical RFC assessment, more fully and accurately address the podiatry and physical therapy records post-dating the April 8, 2023 state agency opinion, and, in light of these measures, reassess the exertional level at which Plaintiff may be expected to perform "physical and mental work activities on a sustained basis despite limitations from her impairments."  (*See* ECF No. 6-1, PageID.43.)

    **IT IS SO ORDERED.**


Dated:  June 19, 2026                         _____
                                                             Anthony P. Patti
                                                             UNITED STATES MAGISTRATE JUDGE

10